**DOKO FARMS, et al., Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**Alvin and Thurston O'NEIL, Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**Paul MORGAN, et al., Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. Nos. CA–5–79–72A, CA–5–79–54A
and CA–5–79–78A.**

United States District Court,
N.D. Texas,
Lubbock Division.

May 24, 1984.

See also, D.C., 588 F.Supp. 865, D.C., 588 F.Supp. 871.

Robert A. Doty, William J. Wade, James H. Milam, Crenshaw, Dupree & Milam, Lubbock, Tex., for plaintiffs Doko Farms, et al., CA–5–79–72A.

Robert B. Snell, Renner & Snell, Lamesa, Tex., for plaintiffs Alvin & Thurston O'Neil, CA–5–79–54A.

Robert E. Snell, Renner & Snell, Lamesa, Tex., James H. Milam, Cecil Kuhne, William J. Wade, Robert A. Doty, Crenshaw, Dupree & Milam, Lubbock, Tex., for plaintiffs Paul Morgan, P & B Morgan Trust, and Morgan Farms, Inc., CA–5–79–78A.

John L. Shepherd, Johnny Roy Phillips, Seminole, Tex., for plaintiff Wayne Greaves, CA–5–79–78A.

Robert L. Ashbaugh, Judith Ellen Rabinowitz, Civil Division, U.S. Dept. of Justice, Washington, D.C., Roger L. McRoberts, Asst. U.S. Atty., Lubbock, Tex., for defendants.

## ORDER

WOODWARD, Chief Judge.

Plaintiffs here were originally sued by the Government for overpayments under the Upland Cotton Program. When the liability was administratively determined by the Department of Agriculture, the plaintiffs' names were placed on the Federal Debt Register, and payments subsequently earned by them through agricultural programs have been withheld by the Government. The plaintiffs filed a counterclaim against the Government, seeking removal of their names from the Register and release of the money withheld. *See United States v. O'Neil,* 709 F.2d 361, 365 (5th Cir.1983). This court severed the counterclaims, and granted Defendants' Motion for Summary Judgment on the main cause of action on the basis of statute of limitations. The Government failed to file a timely appeal with respect to these three plaintiffs and the judgments became final. The Fifth Circuit affirmed the holding that the judgments were final. *Id.* at 369. This court further granted summary judgment for the plaintiffs on their counterclaims; the Fifth Circuit, however, reversed and remanded for the determination of an independent jurisdictional basis for the counterclaims. *Id.* at 375.

The plaintiffs amended their counterclaims, which were filed as amended original complaints in the severed suits and filed Motions for Summary Judgment. The plaintiffs alleged jurisdiction under 28 U.S.C. § 1361, the mandamus statute. The Government filed a Motion to Dismiss for Lack of Jurisdiction or for Failure to State a Claim. The Government further filed a counterclaim to recover the overpayments and filed a Motion for Summary Judgment on its counterclaim. For the following reasons, the United States' Motion to Dismiss is *denied,* the plaintiff's Motion for Summary Judgment is *granted,* and the United States' Motion for Summary Judgment on its Counterclaim is denied.

The Government argues that according to 28 U.S.C. § 1346(a)(2) (The Tucker Act), this court has no jurisdiction to hear claims against the United States for an amount exceeding $10,000.00. Since all the plaintiffs' claims involve the release of funds in excess of $10,000.00, the United States argues that the Court of Claims has exclusive jurisdiction under 28 U.S.C. § 1346(a)(2) and § 1491.

The Tucker Act applies only to suits against the United States for "money damages." *Jones v. Alexander,* 609 F.2d 778 (5th Cir.1980) *rehearing denied* 613 F.2d 314 (5th Cir.1980). The plaintiffs seek to

invoke jurisdiction under 28 U.S.C. § 1361, the mandamus statute, and argue that the claim is one to have their name removed from the debt register and not one for "damages" within the meaning of § 1346(a)(2). The United States, on the other hand, argues that the suit is in essence one for "money damages."

Section 1361 states that:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States of agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

The requirement for issuing a writ of mandamus are (1) a clear right for relief in the plaintiff (2) clear duty on the part of the government to perform the requested action and (3) no adequate alternative remedy. The fact that the action ordered will affect the Treasury is *not* a bar to mandamus jurisdiction. *See Vishnevsky v. United States*, 581 F.2d 1249, 1256 (7th Cir.1978) *citing Miguel v. McCarl*, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901 (1934) (affirming mandamus relief to compel federal officers to pay money of Treasury where duty to do so is clear and ministerial). It is this monetary aspect of mandamus jurisdiction which, in some cases, appears to conflict with the jurisdiction of the Court of Claims under 28 U.S.C. § 1346. The key to mandamus jurisdiction, however, is the clear duty on the part of the government to act, though at times, the line between an action for money damages and one for mandamus is hard to draw.

In the present action, this court has the discretion to exercise mandamus jurisdiction, and such exercise would serve judicial economy and be fair to all parties. The funds the plaintiffs seek to have released to them are undisputed in amount and are simply payments being withheld until the Government's claim against them is "judicially resolved." What plaintiffs essentially seek is the removal of their names from the debt register; release of the withheld funds is an automatic consequence of such action. This consequential release of funds, which the plaintiffs seek through their counterclaim, is not a typical action for damages. It is more analogous to an action for a declaration of rights; in this case, the right to a *particular* fund, already in existence. In a typical action for damages, the plaintiff is seeking money indemnification for the harm caused by the defendant; the harm is quantified and a sum of money is computed which will compensate the plaintiff. In this case, however, what plaintiff seeks is the impounded funds which are undisputed. It is the right to release that is being adjudicated here, and not the amount of the funds.

Courts have relied on such distinctions between typical suits for damages and suits for release of funds being withheld. In *Brown v. United States*, 365 F.Supp. 328 (E.D.Pa.1973) *aff'd in part, rev'd in part on other grounds*, 508 F.2d 618 (3d Cir.1974) *cert. denied*, 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684, members of the plaintiff class were convicted by special court-martials later held to be illegal. The plaintiffs brought suit to have their records expunged and for lost wages. The court distinguished between a claim for unliquidated damages and one for mandamus ordering the return of fines or forfeitures levied under the invalid court-martial.

This Court does not believe that it would be proper to mandamus the payment of unliquidated or disputed sums in the nature of damages. However, this Court does believe that it can mandamus the return of fines or forfeitures levied directly within the four corners of an invalid judgment by a court-martial without jurisdiction. There is no discretion to retain the latter and no reasonable basis to dispute their amount. They are sums certain or readily capable of being made certain.... The $10,000.00 limitation of § 1346 is *not* applicable to such sums, .... There is a distinct difference between returning a fine and litigating the arguable elements of damages in a back pay case. *Id.* at 338.

Though the facts in *Brown* are distinguishable, the court's reasoning is relevant to the case at hand.

A case much more closely on point is *United States v. Commonwealth of Pennsylvania*, 394 F.Supp. 261 (M.D.Pa.1975), in which the United States sued to compel Pennsylvania to enforce provisions of the Medicare Act. Pennsylvania counterclaimed to have funds in excess of $10,-000.00 released that were being withheld by defendant due to Pennsylvania's alleged failure to police nursing home facilities. The court upheld jurisdiction under § 1361, rejecting the government's argument that because government funds were involved, the court lacked jurisdiction.

The Government, in the case at hand argues that *Carter v. Seamans*, 411 F.2d 767 (5th Cir.1969), is dispositive of the jurisdiction issue. The facts of the case, however, are quite distinct, and the reasoning of the Fifth Circuit actually supports the exercise of jurisdiction on the facts now before the court.

In *Carter*, an Air Force officer brought suit for a declaration that his discharge was illegal and to correct his military records and require the United States to refrain from withholding past and future pay and benefits. The Fifth Circuit held that the District Court did not abuse its discretion in declining jurisdiction. The Fifth Circuit attached the District Court's opinion as an Appendix. The district court noted that *jurisdiction was present* under § 1361, but held that the court would refrain from exercising jurisdiction so as not to undermine the jurisdiction of the Court of Claims. *Id.* at 774–5. However, the very facts in the *Carter* case which prompted the court to refrain from exercising jurisdiction are *not* present in our case. Most importantly, in *Carter* there was a pending case in the Court of Claims and the damages were unliquidated.

▮ Here, there is no such pending action in the Court of Claims and jurisdiction in that forum would raise the same issue, *i.e.* is this suit in fact an action for "money damages" within the meaning of § 1346?

Thus, it is unclear whether the plaintiff would have an adequate alternative remedy if jurisdiction in this court is declined. Secondly, there is no dispute as to the amount of funds withheld by the Government. Further, the plaintiffs have a clear right to the relief sought, and the Government has a clear duty to act. Due to a procedural mistake on the Government's part, its claim against the plaintiffs for any alleged overpayment is barred by limitations. Therefore the Government lacks any grounds for continuing to withhold the funds. The dispute between the Government and these three plaintiffs has been judicially and finally resolved.

Although the dispute has been resolved in favor of plaintiffs (the original defendants in the cases), they have been effectively denied any relief by the continuance of their names on the debt register and the refusal to allow benefits to which they would otherwise be entitled. Such a result is unjust and plaintiffs are to be given relief and placed in a position to which they are entitled because of the judgment in their favor.

Also, the final judgment denying relief to the Government is binding to all parties pursuant to the doctrine of res judicata—which doctrine forms a basis for judgment and order in these cases in favor of plaintiffs.

The action is ready for quick resolution, and no principles would be served by deferring to the Court of Claims, but rather, court time and legal expense would be wasted.

Therefore, the United States' Motion to Dismiss is denied, the plaintiff's Motion for Summary Judgment is granted, and the United States' Motion for Summary Judgment on its Counterclaim is denied.

It is so ordered.