UNITED STATES of America,
Plaintiff-Appellant,

v.

Alvin O'NEIL, et al.,
Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

DOKO FARMS, etc., et al.,
Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Paul MORGAN, et al.,
Defendants-Appellees.

No. 84–1653.

United States Court of Appeals,
Fifth Circuit.

July 29, 1985.

Judith Rabinowitz, Civil Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Renner & Snell, Robert B. Snell, Lamesa, Tex., for O'Neil & Morgan.

Crenshaw, Dupree & Milam, James H. Milam, Cecil Kuhne, Lubbock, Tex., for Doko.

Before CLARK, Chief Judge, BROWN, and POLITZ, Circuit Judges.

CLARK, Chief Judge:

The United States appeals from the decision of the district court disbursing funds held in the court's registry to Alvin and Thurston O'Neil, Doko Farms, et al., and Paul Morgan, et al. (collectively referred to as "the O'Neils.") Because jurisdiction of the O'Neil's claims rests exclusively with the Court of Claims, we dismiss their causes of action, or if appellees so request, we will transfer their causes to the Court of Claims.

## II

The three cases involved in this appeal are related to nine other suits, one of which is decided in the companion to this decision, *United States v. Medlin,* 767 F.2d 1104 (5th Cir.1985). Only those facts necessary to this appeal are discussed below. For a more thorough discussion, see our prior decision in this case, *United States v. O'Neil,* 709 F.2d 361 (5th Cir.1983), and the decision disposing of seven of the remaining suits, *United States v. Batson,* 706 F.2d 657 (5th Cir.1983).

The O'Neils participated in the Upland Cotton Price Support Program, 7 U.S.C. § 1444(e), sponsored by the United States Department of Agriculture (USDA). This program authorized the USDA to subsidize cotton producers to help regulate the supply of cotton. The government alleged that in 1973, a number of farmers in Gaines County, Texas, including the O'Neils, inflated their reported crop yields, and thus received excessive subsidy payments.

The government brought twelve suits against the farmers to recover the excess payments. It also placed these farmers on the Federal Debt Register (also known as the Claims Control Record), pursuant to 7 C.F.R. § 13. This register lists all those whom the government reasonably believes owe it money. Placement on the register does not preclude program participation, but the government may withhold payment to the debtor up to the disputed amount until the question of liability for the debt is resolved.

The O'Neil and Medlin defendants brought counterclaims against the government to have their names taken off of the Federal Debt Register, to receive cancelled cotton allotments, and to obtain the funds withheld by the government. All parties in each of the suits then moved for summary judgment. On April 3, 1981, the district court granted the motions of the O'Neil and Medlin defendants as to the government's claims, and severed their counterclaims, to be tried at a later date. The

district court also granted the defendants' motions in the seven *Batson* cases.

The government filed timely appeals in the *Batson* cases, but took no action in the O'Neil or Medlin suits. On September 15, 1981, the district court ruled that the April 3 judgments in the O'Neil and Medlin cases had become final due to the government's failure to appeal within 60 days. The United States moved for relief under Rule 60(b), claiming it believed the judgments were not final due to the pending counterclaims. The district court denied such relief. The district court also granted summary judgment on the O'Neil and Medlin counterclaims.

On appeal, we affirmed the dismissal of the government's claims due to the failure of the United States to timely appeal the decision. 709 F.2d 361. We reversed the grant of summary judgment on the counterclaims, however, and remanded for an examination of jurisdiction, because the severed counterclaims required an independent jurisdictional base, which had not been adequately pleaded.

The O'Neils amended their complaint to allege jurisdiction under the district court's mandamus power. 28 U.S.C. § 1361. The district court, 588 F.Supp. 867, held mandamus jurisdiction was proper and reaffirmed its grant of summary judgment to the O'Neils on their counterclaims. The government now appeals.

## III

For mandamus jurisdiction to exist, three elements must generally co-exist. "A plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Green v. Heckler,* 742 F.2d 237, 241 (5th Cir.1984). *See also Sheehan v. Army & Air Force Exchange Service,* 619 F.2d 1132, 1141 (5th Cir.1980); *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir.1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). We find these elements are lacking here.

First, the O'Neils have not demonstrated a clear right to receive the disputed funds or a corresponding duty by the USDA to disburse these funds to them. The government may attempt to collect the alleged overpayments through administrative channels, even though its right to sue in the courts is now foreclosed. *United States v. Missouri Pacific Railroad Co.*, 250 F.2d 805, 808 (5th Cir.1958), *cert. denied*, 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62 (1958); *Union Pacific Railroad Co. v. United States*, 147 F.Supp. 483, 485, 137 Ct.Cl. 267 (1957), *cert. denied*, 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858. By this decision, we do not decide whether the USDA may collect these funds through administrative channels. We merely hold that the issue is sufficiently substantial to preclude mandamus of the O'Neil's claims.

Additionally, mandamus is improper because another remedy is available in the Court of Claims. Despite the O'Neils' protestations to the contrary, the Court of Claims can provide all the relief they seek. 28 U.S.C. § 1491(a)(2) states:

> To provide an entire remedy and to complete the relief afforded by the judgment, the [Court of Claims] may, as an incident of and collateral to any such judgment, issue orders directing ... correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

This section permits the Court of Claims to order the removal of the O'Neils' names from the Federal Debt Register and the restoration of their cotton allotments as an incident to providing complete relief on any money judgment rendered.

 The Court of Claims has jurisdiction to award the O'Neils a judgment against the United States Treasury in excess of $10,000. 28 U.S.C. §§ 1346 and 1491. While mandamus jurisdiction may not always be precluded by rights granted by the Tucker Act, *see, e.g., United States v. Testan*, 424 U.S. 392, 403–04, 96 S.Ct. 948, 956, 47 L.Ed.2d 114 (1976); *Martinez v. Marshall*, 573 F.2d 555 (9th Cir.1977); *Ryan v. Shea*, 525 F.2d 268 (10th Cir.1975), this possibility does not obviate the need to satisfy the prerequisites for mandamus.

Because an adequate remedy exists in the Court of Claims in this case, mandamus is improper. Since no other jurisdictional base was pleaded, we dismiss the O'Neils' claims for lack of jurisdiction, but grant them leave to refile their claims in the Court of Claims at their option. If the O'Neils so request, this court will transfer these causes to the Court of Claims.

Appeal

DISMISSED.