**DOKO FARMS, James Porter, Allison V. Barnett, L.D. Smith and William T. Curry, Plaintiffs–Appellees,**

v.

**The UNITED STATES of America, Defendant–Appellant.**

**Appeal No. 88–1290.**

United States Court of Appeals, Federal Circuit.

Nov. 8, 1988.

Albert B. Krachman, Bracewell & Patterson, Washington, D.C., argued, for plaintiffs-appellees.

Judith Rabinowitz, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellant. With her on the brief, were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Michael F. Hertz, Directors, Robert L. Ashbaugh, Deputy Director and Thomas W. Petersen, Asst. Director.

Before RICH, SMITH, and NIES, Circuit Judges.

NIES, Circuit Judge.

This appeal is from the final judgment of the United States District Court for the Northern District of Texas, Lubbock Division, *Doko Farms v. United States,* No. CA 5–79–072–A (N.D.Tex. Jan. 11, 1988), granting summary judgment in favor of

Doko Farms on claims involving the release of funds from participation in the Upland Cotton Price Support Program, 7 U.S.C. § 1444(e) (1982), and denying summary judgment on the government's counter-claim for an offset of sums allegedly owed by Doko Farms. We vacate and remand with instructions to transfer.

## I

### Issue

Whether the district court erred in exercising jurisdiction over this case.

## II

The government on appeal urges that the district court's judgment must be vacated and the case remanded with direction to transfer the case to the United States Claims Court. The basis for the government's request is the decision of the Supreme Court in *Christianson v. Colt Industries Operating Corp.*, —— U.S. ——, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The Supreme Court in *Christianson* held that the decision of a coordinate court on a jurisdictional issue must be followed as the law of the case. *Id.* 108 S.Ct. at 2177. In an earlier stage of these proceedings, the Fifth Circuit held that the district court was without mandamus jurisdiction to order the government to act because, *inter alia*, complainants had a remedy against the government under the Tucker Act, 28 U.S.C. § 1491 (1982). Because the monetary relief sought was in excess of $10,000, and the Claims Court's jurisdiction allowed for all the relief requested, the Fifth Circuit ordered that the case be transferred to the Claims Court. *United States v. O'Neil*, 767 F.2d 1111 (5th Cir.1985) (*O'Neil II*).[1] After transfer of the case, the Claims Court, by independent evaluation determined that it did not have jurisdiction and transferred the case back to the district court in which it had been brought. *Doko Farms v. United States*, 13 Cl.Ct. 48 (1987). We need not analyze the reasons

given by the Claims Court for the retransfer. We only note that the decision of the Claims Court was rendered prior to the decision of the Supreme Court in *Christianson.*

The decision of the Fifth Circuit in *O'Neil II,* that the district court in which suit was brought does not have jurisdiction over these proceedings, is the law of the case. Applying *Christianson,* we must give effect to that ruling by vacating the appealed judgment.

Doko Farms urges that the Fifth Circuit's jurisdictional ruling should not be followed as the law of the case because the ruling is "clearly erroneous and would work a manifest injustice." Doko is correct that the law of the case does not absolutely bar reconsideration of a particular issue. *See Christianson,* 108 S.Ct. at 2178. However, the *Christianson* Court gave clear direction that any revisit of the jurisdictional inquiry should be exceedingly narrow:

> The courts of appeals should ... adher[e] strictly to principles of law of the case. Situations might arise, of course, in which the transferee court considers the transfer "clearly erroneous." *Arizona v. California,* 460 U.S. [605], at 618, n. 8, 103 S.Ct. [1382], at 1391, n. 8 [75 L.Ed.2d 318 (1983) ]. But as "[t]he doctrine of the law of the case is ... a heavy deterrent to vacillation on arguable issues," 1 B Moore's ¶ 0.404[1], at 124, such reversals should necessarily be exceptional; courts will rarely transfer cases over which they have clear jurisdiction, and close questions, by definition, never have clearly correct answers. Under law-of-the-case principles, *if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end.*

*Id.* 108 S.Ct. at 2179 (emphasis added and citation omitted). Doko fully addresses the jurisdictional questions and simply argues for a ruling opposite to that of the Fifth Circuit. Doko's argument persuades us

---

1. This cited opinion, along with *United States v. O'Neil,* 709 F.2d 361 (5th Cir.1983) (*O'Neil I*), cited therein, details the procedural and factual background of this case. Accordingly, such matters are not reiterated here.

that the question is close. Under such circumstances, to engage in a full review would be contrary to law-of-the-case principles. The decision by the Fifth Circuit represents a full and careful analysis of a close jurisdictional question including consideration of the principal grounds urged here for a contrary ruling.[2] We find our coordinate court's transfer decision "plausible" in its entirety, which ends our jurisdictional inquiry.

Doko's arguments that retransfer continues the game of jurisdictional ping pong contrary to the purpose of *Christianson* are misguided. The situation here is closely parallel to that in *Christianson* where a retransfer was ordered. Jurisdictional ping pong can be ended only by strict adherence to law-of-the-case principles which here require retransfer to the Claims Court.[3]

## III

For the foregoing reasons, the judgment of the district court is vacated. The case is remanded with instructions to transfer the case to the United States Claims Court.

## IV

### Costs

Each party is to bear its own costs.

**VACATED and REMANDED WITH INSTRUCTIONS TO TRANSFER.**

---

2. The Fifth Circuit decision in *O'Neil II* disposes, for example, of Doko's arguments for bifurcation. Under the law-of-the-case doctrine, that decision also disposes of the question of our own jurisdiction over this appeal which rests on 28 U.S.C. § 1295(a)(2) (1982).

3. Doko's argument that we may review the statement of the Claims Court on the merits, which appears in its transfer decision, is also misguided. We review *judgments*, not passing comments. *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 745, 3 USPQ2d 1817, 1825 (Fed. Cir.1987). Doko's motion for expedited consideration of this court's jurisdiction is mooted by this decision.