867 F.2d 616
 10 U.S.P.Q.2d 1316
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel F. KENNEDY and Duane D. Young, as Trustee of PF Trust
No. 1, Plaintiffs- Appellants,
v.
Robert WRIGHT, Individually and d/b/a New Products, Inc. and
Specialized Products, Inc., Defendants-Appellees.
 No. 88-1504.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1989.
Rehearing Denied Feb. 24, 1989.
 
 Before MAYER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 Samuel F. Kennedy and Duane D. Young, as trustee of PF Trust No. 1 (hereinafter Kennedy) appeal from the judgment of the United States District Court for the Central District of Illinois, ordering Kennedy, as constructive trustees of U.S. Patent Nos. 3,583,112 and 4,073,110 to assign legal title to Robert Wright and Specialized Products, Inc. (hereinafter Wright). We affirm.
 
 OPINION
 
 2
 In this case transferred by the Seventh Circuit, Kennedy, the inventor and patentee, sued Wright for infringement, but Wright set up as a defense, and the trial court held, that the suit could not be maintained because Wright had bought and paid for the patents and become their equitable owner. This occurred as a result of a bankruptcy sale. Kennedy, however, contends that the bankrupt, NPI, never was more than a licensee and he had validly revoked the license before the sale.
 
 
 3
 Although neither party has contested the Seventh Circuit's position that it does not have jurisdiction to hear this appeal and that jurisdiction is properly before this court, we must, in every appeal, assure ourselves that jurisdiction exists. E.g., Dubost v. United States Patent and Trademark Office, 777 F.2d 1561, 1564, 227 USPQ 977, 979 (Fed.Cir.1985). As this court is the transferee of the appeal, we are to accept jurisdiction unless the Seventh Circuit's jurisdictional analysis is "clearly erroneous and would work a manifest injustice." Christianson v. Colt Operating Industries Corp., 108 S.Ct. 2166, 2177-78 (1988); Rodriguez v. United States, 862 F.2d 1558 (Fed.Cir.1988); Doko Farms v. United States, 861 F.2d 255 (Fed.Cir.1988). We hold that the jurisdictional analysis of the Seventh Circuit is not clearly erroneous, and is, in fact, harmonious with this court's precedent. Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc., 755 F.2d 1559, 225 USPQ 121 (Fed.Cir.), cert. dismissed, 473 U.S. 929 (1985). Accordingly, we have jurisdiction to hear this appeal.
 
 
 4
 As we understand Wright's defense, he asserts that equitable ownership existed at one time in NPI, the bankrupt. By virtue of the bankruptcy sale, some of NPI's assets passed to Wright, including, by express language of the Agreement for Sale, any and all patents owned by NPI. Wright alleges that the patents at issue are included among the assets of NPI which passed to Wright. In rebuttal to this defense, Kennedy cites a number of cases not binding on this court which hold that a patent infringement defendant cannot raise equitable ownership in third parties as a defense. While this court has not considered the question of whether such a defense is permissible, we find that the resolution of this question is not necessary to the disposition of this case.
 
 
 5
 NPI is not a party to this action, and Kennedy proposes that Wright is therefore precluded from asserting NPI's ownership as a defense. Kennedy carries this principle past its logical extreme in suggesting that an infringement defendant cannot trace its own equitable ownership along a chain of ownership that includes third parties, but which ultimately terminates with ownership in the defendant. Under Kennedy's theory, an assignee is estopped from tracing equitable ownership through his assignor. Wright, however, raised equitable ownership in himself as a defense, and therefore the cases precluding the defense of ownership in third parties are inapplicable here.
 
 
 6
 Kennedy identifies numerous factors weighing against the district court's conclusion that he was the alter ego of NPI. Most notably, he points out that he devoted only a small amount of his time to NPI and located his offices off of NPI's premises. The evidence offered in support of these statements consists solely of Kennedy's own testimony. Balanced against the other relevant evidence relied upon by the district court, these statements carried little weight. Kennedy had often represented that NPI was the owner. Because the district court's determination is not clearly erroneous, we must affirm its holding that Kennedy was the alter ego of NPI. N.L.R.B. v. Dane County Dairy, 795 F.2d 1313, 1322 (7th Cir.1986); see also, e.g., Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1439-40, 223 USPQ 1074, 1086-87 (Fed.Cir.1984) (this court applies the law of the regional circuit in which the district court sits when deciding issues over which our subject-matter jurisdiction is not exclusive).
 
 
 7
 We are also unconvinced that the district court erred in finding the license agreement to be a sham. This is a fact finding within its province to make. Laney v. United States, 661 F.2d 145 (Ct.Cl.1981). The district court inferred that the failure of NPI (an organization substantially all owned by Kennedy and wholly controlled by him until its bankruptcy) fairly to compensate Kennedy for its use of the roof patent, coupled with a complete failure to license or pay for use of the floor patent, weighed heavily against Kennedy and supported its holding that the license was invalid. Kennedy has not identified evidence weighing so heavily in its favor to suggest clear error in the district court's conclusion. Accordingly, we must affirm. Fed.R.Civ.P. 52(a).
 
 
 8
 Finally, Kennedy's attempt to revoke the roof patent license at the eleventh hour did not strip NPI of its equitable ownership in the roof patent. It is a familiar tenet of law that nemo dat qui non habet: he who hath not, cannot give. As Kennedy was not the owner of these patents, he could not unilaterally transfer ownership of them to any party, at any time.
 
 
 9
 We have considered the remaining contentions raised by Kennedy and deem them to be without merit. The short of the case is that the facts, as properly found by the trial court, are overwhelmingly against Kennedy. Kennedy's conduct, both before and during the litigation, impresses us as it did the district court, as, in the old phrase, "wanting in equity."
 
 CONCLUSION
 
 10
 The judgment of the district court is affirmed in all respects.
 
 COSTS
 
 11
 Costs are awarded to the appellees.