REYNA, Circuit Judge,
concurring.
I agree with the majority that Mr. McGuire has not demonstrated that he had a cognizable property interest to support his takings claim, and that the Court of Federal Claims’ judgment should be affirmed. I write separately to express my disagreement with the majority’s decision to disregard the Ninth Circuit’s holding that this case was ripe on the grounds that “it was not necessary or appropriate for the Ninth Circuit to decide the ripeness question.” Majority Op. at 1359.
“[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues.” Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal citations and quotation marks omitted). The doctrine applies to decisions of coordinate courts, id. at 816, 108 S.Ct. 2166, and, despite the duty of a court to satisfy itself of its jurisdiction, the doctrine applies even to jurisdictional decisions. See, e.g., Texas Am. Oil Corp. v. U.S. Dep’t of Energy, 44 F.3d 1557, 1561-62 (Fed.Cir.1995) (applying a “plausibility” framework to find that the Fifth Circuit’s jurisdictional ruling was the law of the case); Doko Farms v. United States, 861 F.2d 255, 256-57 (Fed.Cir. 1988) (declining to examine jurisdiction again when the question was close and the Fifth Circuit’s decision was “plausible”).
At least with respect to coordinate or subordinate courts, however, the doctrine of the law of the case does not limit a court’s power. Christianson, 486 U.S. at 817, 108 S.Ct. 2166. To the contrary: “A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances .... ” Id. (quoting Arizona v. California, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). Thus, the doctrine should apply except “when the case for departure is exceptionally clear, either because the controlling law has changed or the earlier decision is clearly erroneous and would lead to manifest injustice.” See Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1582 (Fed.Cir. 1994).
*1366 In Christianson, the Supreme Court examined the law of the case doctrine in the context of 28 U.S.C. § 1631, the transfer statute. See 486 U.S. at 815-23, 108 S.Ct. 2166. There, a plaintiff had appealed his antitrust claims to the Federal Circuit. Id. at 806, 108 S.Ct. 2166. Because the antitrust claims did not arise under patent law, this court concluded that it was without jurisdiction and transferred the case to the Seventh Circuit. See id. The Seventh Circuit, reaching the opposite conclusion, transferred the case back to the Federal Circuit. Id. at 807, 108 S.Ct. 2166. This court again concluded that it was without jurisdiction but, in the “interest of justice,” decided the case on the merits. Id.
The Supreme Court granted certiorari and vacated our decision. The Court concluded that although the antitrust claims involved patents, they did not arise under patent law, and jurisdiction did not lie in the Federal Circuit. See id. at 811-13,108 S.Ct. 2166. Colt attempted to evade this result by arguing that the Federal Circuit was prohibited from revisiting the Seventh Circuit’s jurisdiction decision because that decision was the law of the case. See id. at 815,108 S.Ct. 2166. The Court rejected this argument for three reasons. First, the Federal Circuit was the first court to decide the issue of jurisdiction, making its decision the law of the case. Id. at 817, 108 S.Ct. 2166. Second, even if the Seventh Circuit’s decision had been the law of the case, the Federal Circuit had not exceeded its authority by revisiting the issue once it determined that the Seventh Circuit’s decision was clearly wrong. Id. ■ Finally, of course, the Supreme Court itself was not bound by the jurisdictional decisions of either circuit. Id.
This case differs only slightly from Christianson. As in Christianson, we must decide whether a coordinate court’s decision to transfer is the law of the case. Unlike Christianson, however, the decision to transfer is not itself in dispute. Instead, the issue is whether we are bound by the Ninth Circuit’s decision that this case was ripe. The majority views this question as unrelated to the decision to transfer, and concludes that it is not the law of the case. I disagree.
When a court concludes that it is without jurisdiction in a civil action, section 1631 requires that the court “shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.” As the majority correctly observes, the issue of ripeness in this case is a prudential consideration. See Suitum v. Tahoe Reg’l Planning Agency, 520 U.S. 725, 734, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997). It was therefore not necessary to the determination of whether the district court or the Ninth Circuit had jurisdiction. But whether jurisdiction exists is only the first part of the inquiry under § 1631.
“The statute confers on [a court] the authority to make a single decision upon concluding that it lacks jurisdiction— whether to dismiss the case or, ‘in the interest of justice,’ to transfer it.” Christianson, 486 U.S. at 818, 108 S.Ct. 2166 (quoting 28 U.S.C. § 1631). Once the Ninth Circuit concluded that the district court lacked jurisdiction over the takings claim, it squarely confronted that question. The court stated that it addressed ripeness because it “consider[ed] it a predicate to transferring the case to the Court of Federal Claims” and because ripeness was the basis for the district court’s judgment below. McGuire v. United States, 550 F.3d 903, 910 n. 3 (9th Cir.2008). The court believed it “would be inappropriate to transfer a case that [it] did not consider ripe.” Id. Because it concluded that the case was ripe, it elected to transfer the case rather than to dismiss it. Id. at 914-15.
*1367 The majority is therefore incorrect that “the Ninth Circuit lacked authority to decide” the ripeness question. Majority Op. at 8. Once the court concluded that jurisdiction was appropriate in the Court of Federal Claims, not the district court, ripeness — at least as it related to “the interest of justice” in transferring the case — was the only issue the Ninth Circuit had authority to address. The Ninth Circuit’s conclusion that the case was ripe therefore became the law of the case, and the Court of Federal Claims, as well as this Court, was free to disregard it only if, under the framework elucidated in Chris-tianson, it determined that that conclusion is clearly erroneous.
The majority errs in failing to apply that framework here. Nevertheless, by deciding that the case in fact was not ripe, the majority implicitly decides that the Ninth Circuit’s conclusion was clearly erroneous. I disagree with this implicit conclusion. In any event, the majority correctly concludes that McGuire’s claim must fail due to his lack of a cognizable property interest. This alone is dispositive and requires this court to affirm, and I therefore concur in the judgment.