NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT P. SCHULTZ,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3120

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-94-0233-C-6.

---

## ON MOTION

---

Before LOURIE, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Merit Systems Protection Board's motion to transfer this case is granted.

In previous decisions, the Board awarded back pay after determining that the Postal Service had failed to accommodate petitioner's physical disability. The amount of back pay owed to petitioner was determined in part

through a 2004 settlement agreement and in part after prolonged litigation that took this case before the Board and federal court.

Once those enforcement proceedings were completed, petitioner's estate filed a petition at the Board seeking attorney fees for work incurred before the Board years before. In April 2012, the Board dismissed the petition as untimely. The estate appealed the matter to this court and, on September 17, 2013, this court transferred the case to the United States District Court for the Western District of Pennsylvania, referencing the discrimination claims underlying petitioner's initial allegations. Meanwhile, petitioner's estate filed the underlying petition at the Board in April 2012, seeking additional fees he asserts were owed under the settlement agreement. After the Board again dismissed the petition as untimely, the estate again filed a petition for review with this court.

Both this court and the Third Circuit have held that jurisdiction over this case lies in district court. *See Schultz v. Merit Sys. Prot. Bd.*, No. 12-3142, slip. op. at 4 (Fed. Cir. Sept. 17, 2013) (noting that "[t]he petition for attorney fees stems from a mixed case" and "a federal employee should seek judicial review in district court, not in this court, when he claims that an agency action violates an antidiscrimination statute"); *Schultz v. Potter*, 349 Fed. Appx. 712, 714 n.1 (3d Cir. 2009) ("The District Court had jurisdiction over Schultz's action to enforce the MSPB decision pursuant to 5 U.S.C. §7703(b)(2).").

That is the law of this case, which governs these proceedings absent extraordinary circumstances. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) ("[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Texas Am. Oil Corp. v. U.S. Dep't of Energy*, 44 F.3d 1557, 1561-62 (Fed.

Cir. 1995) (applying law of the case to jurisdictional ruling); *Doko Farms v. United States*, 861 F.2d 255, 256-57 (Fed. Cir. 1998) (same).  After careful review of the papers when read in light of the applicable standard, we conclude that transfer of this case is appropriate.  *See* 28 U.S.C. § 1631 (authorizing transfer).

Accordingly,

IT IS ORDERED THAT:

The motion to transfer is granted.  This case and all pending motions shall be transferred to the United States District Court for the Western District of Pennsylvania.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19

ISSUED AS A MANDATE: August 26, 2014