IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-00013
_____

IN RE:  LOUIS ELTON STONE,

                    Petitioner


_____


On Petition for Writ of Mandamus to the United States
    District Court for the Southern District of Texas

_____

July 18, 1997
Before WIENER and PARKER, Circuit Judges, and LITTLE,
District Judge.[*]


LITTLE, District Judge:

     Louis  Elton  Stone  ("Stone"),  a  federal  prisoner,

petitions this court under 28 U.S.C. § 1651(a) for a writ of

mandamus  prohibiting  the  district  judge  from  improperly

influencing an administrative review of the calculation of his

sentence.   Determining  that  the  recent  amendments  to  the

Prison Litigation Reform Act ("PLRA")  do  not  apply  to  this

_____

     [*]    Chief District Judge of the Western District of Louisiana, sitting
by designation.

proceeding, we, nonetheless, find that Stone has not demonstrated an entitlement to the writ. The petition is denied.

## FACTS AND PROCEEDINGS BELOW

Stone was convicted in the United States District Court for the Southern District of Texas on 20 November 1990 on drug related charges. On 7 February 1991, the trial judge sentenced Stone to 121 months of incarceration, allowing credit for the time served in state custody since 1989.

Stone began serving his federal sentence in April 1991. Finding that federal custodianship was in error, the petitioner was transferred to the Texas Department of Corrections in November 1993. When Stone was released from state prison and returned to the custody of the Federal Bureau of Prisons on 18 January 1995, his release date was changed from July 1999 to November 2003. Arguing that 1999 was the proper date because he was entitled to credit for the time spent in state custody, Stone brought a proceeding pursuant to 28 U.S.C. § 2255 to correct his sentence.

Finding that only the United States Attorney General may grant credit for time served in state custody, the district judge denied Stone's post-conviction relief. Stone then attempted to correct his sentence through an administrative

proceeding with the Attorney General's office.  Stone alleges that in the course of the administrative review, the Attorney General, through the Bureau of Prisons, sought direction from the trial judge and that the judge improperly influenced the decision by the Bureau of Prisons.  Complaining that the trial judge's interference caused the Bureau to deny the correction of his sentence, the petitioner submitted the instant writ of prohibition to this court to direct the trial judge to refrain from influencing the administrative review process.

In his petition for a writ of prohibition, also referred to as mandamus, *pro-se* petitioner Stone seeks to proceed *in forma pauperis* ("IFP") and contends that the Prison Litigation Reform Act ("PLRA") does not apply to his application for IFP status.  Before we may reach the merits of the petition, the court must first address the applicability of the PLRA.

ANALYSIS

I.   Applicability of the PLRA

The PLRA amended 28 U.S.C. § 1915 to impose new filing burdens on prisoners desiring to appear IFP in certain proceedings.  "A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding" is subject to the financial disclosure rules of § 1915 and must pay the

3

full filing fee. 28 U.S.C. § 1915(a)(2), (b)(1),(2). The issue presented in this case is whether Stone's petition for mandamus is a civil action or an appeal, and therefore subject to the provisions of the PLRA. Five other circuits[1] have passed on whether the PLRA applies to mandamus proceedings, and we first addressed this question in *Santee v. Quinlan*. *Santee v. Quinlan*, 115 F.3d 355 (5th Cir. 1997).

A.    Characterization of the writ of mandamus

The plain language of the statute does not expressly encompass a writ of mandamus. The Fifth Circuit has referred to mandamus as a "remedy," *In re First South Sav. Ass'n*, 820 F.2d 700, 706 (5th Cir. 1987), that is available upon proof of certain "elements," *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985). Although such terms suggest that mandamus is a separate action, this circuit has also described the writ as a method of "supervisory control of the district courts." *United States v. Comeaux*, 954 F.2d 255, 261 (5th Cir. 1992). In further support of the notion of mandamus as a form of appeal, a panel of the Fifth Circuit held that a

---

[1]    *In re Tyler*, 110 F.3d 528 (8th Cir. 1997); *Madden v. Myers*, 102 F.3d 74 (3d Cir. 1996); *Martin v. United States*, 96 F.3d 853 (7th Cir. 1996); *In re Nagy*, 89 F.3d 115 (2d Cir. 1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996).

4

court of appeals must have an independent basis of jurisdiction over the matter because "the writ [of mandamus] must issue 'in aid of' that jurisdiction."  *Hamilton v. Moriai*, 644 F.2d 351, 354 (5th Cir. 1981).

There is no uniform notion of the writ among the other circuits, but most consider it to be a form of appeal.  The Third Circuit classified mandamus as "a procedural mechanism," *Madden v. Myers*, 102 F.3d 74, 77, (3d Cir. 1996), available to courts of appeal "only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction.'"  *Id*. at n.3 (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)).  When the writ is brought against the trial judge in a petitioner's case, the Seventh Circuit considered mandamus to be an interlocutory appeal.  *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996); *accord In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997).  The Tenth Circuit similarly characterized it as "an aid of appellate jurisdiction," and "part of the litigation of a case."  *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *accord Tyler*, 110 F.3d at 529.

This circuit's approach in *Comeaux* and *Hamilton*, as well as the majority of other circuits, convince us that the mandamus petition in this case is not an independent civil action, but may be considered a type of appeal.  This does not

5

end our inquiry, however, as the PLRA only applies to civil actions.  In a mandamus proceeding, therefore, the nature of the underlying action will determine the applicability of the PLRA.[2]

B.    Consideration of the underlying action

The Fifth Circuit, along with all other circuits that have considered the issue,[3] has found that the PLRA is inapplicable to habeas corpus proceedings under 28 U.S.C. § 2255. *United States v. Cole*, 101 F.3d 1076 (5th Cir. 1996); *see also Carson v. Johnson*, 1997 WL 211800, (5th Cir. 1997).

Stone's petition to this court arose out of a § 2255 petition for post-conviction relief.  Respecting this circuit's recent holding in *Cole*, we find that the mandamus petition in the instant case is not subject to the fee payment requirements of the PLRA.

---

[2]    Our focus on the underlying action accords with the treatment of these cases by circuits viewing mandamus as an appeal.  For example, both the Second and Seventh Circuits found the PLRA applicable where the underlying action is civil (e.g., a § 1983 action), but inapplicable to criminal litigation and habeas cases. *In re Nagy*, 89 F.3d at 117; *Martin*, 96 F.3d 854–855; *but see Green*, 90 F.3d at 418 (holding that all petitions for writs of mandamus are subject to the PLRA because to view the statute otherwise would "allow a loophole Congress surely did not intend in its stated goal").

[3]    The following cases have held that the PLRA is inapplicable to § 2255 proceedings: *United States v. Simmonds*, 1997 LW 177560 (10th Cir. 1997); *United States v. Levi*, 1997 WL 222347 (D.C. Cir. 1997); *Martin v. United States*, 96 F.3d 853 (7th Cir. 1996); *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996).  Similarly, the following cases found the PLRA inapplicable to habeas corpus proceedings under § 2254: *Anderson v. Singletary*, 1997 WL 188471 (11th Cir. 1997); *Smith v. Angelone*, 1997 WL 198075 (4th Cir. 1997); *Naddi v. Hill*, 106 F.3d 275 (1997); *Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

6

II.  <u>Merits of the petitioner's application</u>

Mandamus is reserved for extraordinary circumstances. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403 (1976). The petitioner must demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. O'Neil, 767 F.2d at 1112 (citations omitted); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).  In the instant case, we find that the petitioner has failed to make the requisite showing.

CONCLUSION

In this proceeding, Stone is not subject to the filing fee provisions of the PLRA and, therefore, his IFP status is approved.  The petition for a writ of mandamus is DENIED.

7