**In re Norman CRITTENDEN, Petitioner.**

No. 98–00065

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 10, 1998.

Norman Crittenden, Tennessee Colony, TX, pro se.

Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

**920**

PER CURIAM:

Norman Crittenden, a Texas state prisoner, petitions this Court for a writ of mandamus directing the district court to withdraw its order of December 16, 1997, denying Crittenden's request to proceed *in forma pauporis* in his appeal of the district court's dismissal of his civil rights action.

In *In re Stone*, 118 F.3d 1032 (5th Cir. 1997), this Court addressed the applicability of the Prison Litigation Reform Act's (PLRA) amendments to 28 U.S.C. § 1915 with regard to a petition for a writ of mandamus prohibiting a district judge from improperly influencing an administrative review of the calculation of Stone's sentence. Because the plain language of the amendments to § 1915 imposing new filing burdens only expressly encompasses "civil actions" or "appeals" of judgments in civil actions or proceedings, we had to decide whether a writ of mandamus could be characterized as either a "civil action" or an "appeal" of a civil action. *Stone*, 118 F.3d at 1033–34. We concluded that a writ of mandamus "is not an independent civil action, but may be considered a type of appeal." *Id.* at 1034. Reaching this conclusion, however, did not end our inquiry as the PLRA only applies to appeals of "civil actions." *Id.* As such, we reasoned that the nature of the underlying action would determine the applicability of the PLRA. Because the petition for a writ of mandamus in *Stone* arose out of a 28 U.S.C. § 2255 petition for post-conviction relief, the fee payment requirements of the PLRA did not apply. *Id.* See *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir.1996) (holding the PLRA does not apply to 28 U.S.C. § 2255 proceedings because habeas proceedings, though technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase "civil action").

The instant case presents the issue of whether the "three strikes rule" of 28 U.S.C. § 1915(g) prevents Crittenden from filing a petition for a writ of mandamus in this Court without first paying the applicable filing fees when his petition arises from an underlying civil rights action, indisputably a "civil action." [1] We conclude that it does. *Accord In re Washington*, 122 F.3d 1345 (10th Cir. 1997); *Martin v. United States*, 96 F.3d 853, 854 (7th Cir.1996); *In re Nagy*, 89 F.3d 115, 117 (2nd Cir.1996). As such, Crittenden may not file a petition for a writ of mandamus with respect to a civil matter in this Court without prepaying the filing fee unless his filings claim that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Crittenden's petition for a writ of mandamus is DISMISSED.

---

1. Section 1915(g) of Title 28 provides:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Crittenden has been placed on this Court's "three strikes" list as he has had at least three suits filed in the federal courts dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.