UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20216
SUMMARY CALENDAR
_____

JOHN PARKS TROWBRIDGE

                    Plaintiff - Appellant

v.

THE DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; PAUL
CORDOVA, District Director; MICHAEL RENO, Revenue Agent; SHARON WARREN, Agent
Manager; INTERNAL REVENUE SERVICE DISTRICT OFFICE; UNITED STATES OF
AMERICA

                    Defendants - Appellees

_____

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
(H-01-CV-369)

_____

November 21, 2002

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

       In this appeal we review the dismissal of appellant John Parks Trowbridge's motion for

writ of mandamus, which had been filed pursuant to 28 U.S.C. § 1361.  For the following

reasons, we affirm the district court's judgment and deny mandamus.

_____

       [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

I.

Revenue Agent Michael Reno conducted a tax return audit of John Parks Trowbridge for the tax years of 1991 through 1996. As requested by the IRS, Trowbridge submitted Form 1040 returns for those years; however, he did so under protest, alleging that the taxing statutes do not apply to him and that he should not have been directed to submit tax returns for the years in question. Both before and after submitting the 1040 returns, Trowbridge filed several requests with the IRS, demanding a determination letter be issued that specifically identified the taxing statutes and implementing regulations that required him to file income tax returns. Such a determination letter was never issued.[2]

Agent Reno ultimately concluded that Trowbridge had not satisfied his tax obligations, and, accordingly, IRS District Director Paul Cordova issued a report of the proposed deficiencies ("30-day letter"). In addition to setting out the proposed additional tax liabilities, the 30-day letter notified Trowbridge of his right to an administrative appeal in the event that he disagreed with the IRS's findings.

After receiving the 30-day letter, Trowbridge submitted a written protest requesting an administrative appeal. However, rather than challenge the tax liability determination, Trowbridge's protest alleged issues that the IRS regarded as frivolous –such as his claim that he was not subject to tax rates under the Internal Revenue Code, and his claim that the IRS's alleged failure to provide reference to a valid taxing statute rendered the entire IRS report null and void. The IRS requested corrections to the written protest, and Trowbridge subsequently resubmitted

---

[2] To compel the issuance of the requested determination letter, Trowbridge filed a separate suit seeking mandamus; the district court denied mandamus, and this Court affirmed. *See Trowbridge v. IRS*, No. 01-21109 (5th Cir. August 23, 2002)(unpublished).

his protest letter, again requesting an administrative hearing, but still failing to challenge any specific item of tax proposed by the IRS. Without responding to this second request for an Appeals Office review, the IRS sent Trowbridge a notice of deficiency.

Trowbridge, proceeding pro se, then filed this mandamus action in the district court, seeking an order compelling the IRS to grant him an Appeals Office conference. Trowbridge's complaint alleges that he is entitled to such a conference, which he describes as "a regulatory duty and due process right," under Sections 7521(b)(1)(A) and 7522(b)(3) of the Internal Revenue Code, 26 U.S.C. and 26 C.F.R. Sections 601.103 (b) and (c), 601.105(c)(1)(i), and 601.106(b).

The Government moved to dismiss the suit for lack of jurisdiction, or, alternatively, for failure to state a claim on which relief could be granted. The Government asserted that Trowbridge had not met the jurisdictional prerequisites for obtaining mandamus relief because he had not shown that he had a clear right to the relief sought, that the IRS had a clear duty to perform the act in question, and that he did not have other adequate remedies. Trowbridge opposed the motion, arguing that this was an administrative law case, not a tax case. He additionally asserted that the failure of the IRS to grant an Appeals conference amounted to a violation of due process and equal protection.

The district court granted the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The court held that the complaint did not establish Trowbridge's entitlement to relief under the mandamus statute because Trowbridge had not shown that he "was entitled as a matter of right to an administrative appeal," nor had he shown that the IRS had a "*legal* duty to grant him an appeal." The district court determined that Trowbridge's citations were to "procedural rules and publications . . . which do not have the force of law" and which do

not impose mandatory legal duties or create duties to the public. Trowbridge filed timely notice of appeal.

## II.

Mandamus relief is reserved for extraordinary circumstances. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)(citing *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2123 (1976)). To obtain a mandamus order, the petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *In re Stone*, 118 F.3d at 1034 (citations omitted). Mandamus is granted in only the clearest and most compelling cases. *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). If the party seeking mandamus fails to demonstrate the existence of any of the necessary elements, mandamus is not available. *See Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Furthermore, the issuance of the writ of mandamus lies within the discretion of the court to which it is directed. *See United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979)(en banc). This Court reviews an order disposing of a case on the pleadings de novo. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997)(failure to state a claim); *Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 132 (5th Cir. 1994)(subject matter jurisdiction).

On appeal, Trowbridge challenges the district court's determination that he had no clear right to an administrative appeal, as well as its determination that the IRS did not have a clear duty to allow him to proceed on appeal. The Government asserts that the district court lacked jurisdiction under Section 1361 because Trowbridge had no clear right to an appeals conference and because the IRS had no clear duty to provide for such an appeal.

The Code of Federal Regulations provides that, after a 30-day letter has been issued, "the

taxpayer has the right . . . of administrative appeal to the Appeals organization" if the taxpayer so requests and if a written protest –if required– is filed. 26 C.F.R. § 601.106(b). The regulation adds, however, that "the appeals procedures do not extend to cases involving solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds." *Id*. Publication 5, which explains the appeal rights and which was mailed to Trowbridge with the 30-day letter, adds that "Appeals cannot consider your reasons for not agreeing if they don't come within the scope of the tax laws (for example, if you disagree solely on moral, religious, political, constitutional, conscientious or similar grounds)."

As the immediately preceding paragraph makes clear, the applicability of Section 601.106(b) depends on the nature of the claims raised. Therefore, Trowbridge has not shown that he has a "clear right" to an administrative hearing, nor has he shown that the IRS had a "clear duty" to allow such a hearing.

Our review of the record shows that, in his requests for a hearing, Trowbridge's primary complaint was that the IRS allegedly failed to show which taxing statute applied to him, despite his repeated requests that they do so. After his initial protest, the IRS advised Trowbridge that "[a]ny arguments that the Internal Revenue Code does not apply to you for any reasons will result in the issuance of a statutory notice of deficiency and the loss of administrative appeal rights." As earlier noted, Trowbridge responded, yet, in doing so, still failed to identify any specific items in the 30-day letter with which he disagreed. As a result, the IRS apparently interpreted Trowbridge's correspondence as a challenge to the applicability of the Internal Revenue Code to him generally. A protest of this nature does not meet the IRS's criteria for granting an Appeals conference. Therefore the district court did not err in granting the motion to dismiss. *See Stone*,

118 F.3d at 1034 (petitioner must demonstrate all elements necessary for mandamus, including a clear right to the relief and a clear duty by the respondent to do the act requested).

To the extent that Trowbridge seeks mandamus relief from this Court, his request must fail because we lack the authority to issue a writ of mandamus ordering that he be granted an Appeals conference. The district court has original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. *See* 28 U.S.C. § 1361; *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)(courts of appeals may issue writs of mandamus only when necessary or appropriate to aid their jurisdiction).

III.

For the foregoing reasons the judgment of the district court is AFFIRMED and mandamus is DENIED.