IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-20566
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD TORRES PEDROZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CR-259-2
--------------------
March 17, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Harold Torres Pedroza ("Pedroza") appeals the district court's denial of his pro se petition for a writ of mandamus seeking the return of $6,450 in cash civilly forfeited to the United States and challenging his sentence to pay a $10,000 fine for a 1994 drug-trafficking conviction.

The Government argues that Pedroza's notice of appeal, filed thirteen days after the entry of judgment below, was untimely. The Government's argument relies on the assumption that this is a criminal appeal to which Fed. R. App. 4(b)(1)'s ten-day notice-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of-appeal period applied. However, because Pedroza's appeal from the denial of his petition for a writ of mandamus seeks underlying relief that is civil in nature, the appropriate notice-of-appeal period was in fact 60 days, making Pedroza's notice of appeal timely. See Fed. R. Crim. P. 4(a)(1)(B); Pena v. United States, 122 F.3d 3, 4-5 (5th Cir. 1997).

The writ of mandamus is an extraordinary remedy available only where the petitioner establishes "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997). The district court denied Pedroza's writ of mandamus on the ground that Pedroza forfeited the seized cash in a September 1994 Agreed Order of Forfeiture and Dismissal. Essentially, this is a finding that Pedroza failed to establish a clear right to relief with respect to his request for return of the property. See Stone, 118 F.3d at 1034.

Regarding both his request for return of the cash and for correction of his sentence, Pedroza has failed to establish the lack of any adequate remedy other than a writ of mandamus. A request for the return of seized property can be asserted in a civil action under 28 U.S.C. § 1331, see Pena, 122 F.3d at 4-5, and a post-conviction challenge to a federal criminal sentence can be asserted in a 28 U.S.C. § 2255 motion. Therefore, the district court did not err in denying Pedroza's petition for a writ of mandamus.

Moreover, Pedroza's appeal would fail even if his pro se petition for a writ of mandamus were liberally construed as other pleadings directly requesting the underlying relief. See Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 & n.16 (5th Cir. 1996) (holding that pro se pleadings should be liberally construed). If Pedroza's request for return of property in his petition for a writ of mandamus were treated as a civil complaint under 28 U.S.C. § 1331, the district court's denial of that petition would be considered a grant of summary judgment, which we review de novo. See United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996).

Pedroza asserts that he was not provided timely and proper notice regarding the initiation of the civil forfeiture proceeding with respect to the seized cash. However, Pedroza acknowledges the September 1994 Agreed Order of Forfeiture and Dismissal and does not assert that his counsel executed the Agreed Order without his knowledge or consent. Since the Agreed Order expressly resolved all civil claims between the parties and ordered that the $6,450 now demanded by Pedroza be forfeited to the United States, there is no genuine issue of material fact and the Government is entitled to judgment as a matter of law.

To the extent that Pedroza's petition for a writ of mandamus challenges his sentence to pay a $10,000 fine, we construe it as a 28 U.S.C. § 2255 motion. However, since Pedroza has already previously filed a § 2255 motion in this case, he is required to request permission from this court prior to filing a successive § 2255 motion in the district court. See § 2244(b)(3)(A). Thus,

the district court was without jurisdiction to review any claim arising under § 2255.

Therefore, the district court's judgment denying Pedroza's petition for a writ of mandamus is AFFIRMED.