United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-10269
Summary Calendar

MARK ANTHONY CLARK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; N.L. CONNORS, Warden; UNITED STATES
PENITENTIARY-LEAVENWORTH,

Respondent-Appellees.

**Appeal from the United States District Court
for the Northern District of Texas
(5:03-CV-247-C)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Clark, federal prisoner #26409-077, appeals, *pro se*, the denial and dismissal of his petition seeking a writ of *coram nobis*, a writ of *audita querela*, mandamus, and other relief pursuant to 28 U.S.C. § 1651.

The writ of *coram nobis* may be used to collaterally attack sentences under 28 U.S.C. §§ 2241 or 2255 "when the petitioner has completed his sentence and is no longer in custody". *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (internal quotation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marks omitted). Because Clark remains in custody, he is not entitled to a writ of *coram nobis*.

The writ of *audita querela* is not available when the prisoner has a remedy under § 2255. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Neither an unsuccessful § 2255 motion nor an inability to meet the requirements for a successive § 2255 motion will render the § 2255 remedy unavailable. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Clark also seeks a writ of mandamus to direct the district court to comply with this court's prior order of remand. Mandamus is an extraordinary remedy, available only when a petitioner establishes: "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy". *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). Such relief is not available to Clark, because Clark could have raised his claims in either a direct appeal from the proceedings on remand or a § 2255 motion.

Because Clark specifically disclaimed that he is seeking relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255, we do not consider Clark's brief as a motion for authorization to file a successive § 2255 motion.

*AFFIRMED*

2