United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10774
Conference Calendar

_____

JERRY JOE TUBBLEBILLE,

                                    Petitioner-Appellant,

versus

D. JOSLIN,

                                    Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-940
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jerry Joe Tubblebille, federal prisoner # 21169-034, was convicted in 1989 on seven counts stemming from a conspiracy to manufacture and distribute amphetamine.  He was sentenced to 272 months of imprisonment.  Tubblebille filed a 28 U.S.C. § 2241 habeas corpus petition to challenge his conviction and sentence, and he now appeals the district court's dismissal of his § 2241 petition.  He argues that he should be permitted to pursue § 2241 relief in accordance with the savings clause of 28 U.S.C. § 2255.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also argues that this court should issue a writ of mandamus directing the district court that it has jurisdiction to entertain his § 2241 petition.

Tubblebille has not shown that the district court erred in determining that his purported § 2241 petition was best construed as a § 2255 motion over which it lacked jurisdiction. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987). Tubblebille's contention that his claim under United States v. Booker, 543 U.S. 220 (2005), falls under § 2255's savings clause is incorrect. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). The judgment of the district court is affirmed.

Tubblebille has not shown that he has a right to mandamus relief. See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997). His petition for mandamus relief is denied.

JUDGMENT AFFIRMED; PETITION FOR A WRIT OF MANDAMUS DENIED.