United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10945
Conference Calendar

_____

HUBBARD BELL, JR.,

                                        Petitioner-Appellant,

versus

D. JOSLIN,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-964
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

        Hubbard Bell, Jr., federal prisoner # 18370-077, appeals the

district court's dismissal of his purported 28 U.S.C. § 2241

petition, which the district court construed as arising under

28 U.S.C. § 2255 and dismissed without prejudice for lack of

subject-matter jurisdiction.

        A petition filed under § 2241 that raises errors that

occurred at or prior to sentencing generally should be construed

as a § 2255 motion. Padilla v. United States, 416 F.3d 424, 426

(5th Cir. 2005). However, "a § 2241 petition that attacks

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedies provided under § 2255 are inadequate or ineffective to test the legality of his detention." Id. To proceed under the saving clause of § 2255, Bell must show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." See id. Bell must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

United States v. Booker, 543 U.S. 220 (2005), has not been made retroactively applicable to cases on collateral review. In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005); see also Padilla, 416 F.3d at 427. Bell's Booker claim thus does not satisfy the mandates of the savings clause of § 2255. Padilla, 416 F.3d at 427. Bell's argument that he is entitled to "mandamus jurisdiction" fails because he has not shown that either the district court or this court had a duty to grant the relief he requests. See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997).

AFFIRMED.