# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30059
Conference Calendar

KERMIT PARKER

Plaintiff-Appellant

v.

N BURL CAIN

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-742

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kermit Parker, Louisiana prisoner # 129332, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's dismissal of his "application for writ of mandamus/writ of execution." Parker sought to have the Federal Bureau of Investigation (FBI) investigate an alleged act of brutality against him by correctional officers. The district court construed the action both as a mandamus petition and as a suit against Warden Cain under 42 U.S.C. § 1983. It dismissed the suit for failure to state a claim on which relief may be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Parker's motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Parker asserts that he intended to name John Doe, an FBI agent, rather than Warden Cain as the sole defendant in his lawsuit. He further alleges that the district court erroneously refused to allow him to amend his complaint to add John Doe as the defendant. Parker, however, did not identify John Doe. Moreover, even if Parker had identified John Doe and added him as a defendant, Parker has not shown that mandamus relief was appropriate. See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997).

Parker also asserts that the district court erred in alternatively construing his suit as a § 1983 action. Parker, however, does not challenge the district court's reason for dismissing the claim under § 1983. Failure to identify an error in the district court's analysis is the same as if the appellant has not appealed the issue. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, Parker has abandoned any challenge to the district court's determination that he failed to state a claim under § 1983. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Parker argues that his complaint seeks a "criminal judicial intervention" and that his case is not civil in nature. Because the case is not civil in nature, he contends that the district court erred in dismissing the case under 42 U.S.C. § 1997e and § 1915(e)(2)(B)(ii). An individual, however, does not have a constitutional right to have another person criminally prosecuted. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Moreover, the FBI's decision to investigate a complaint is a discretionary rather than mandatory action. See 28 U.S.C. § 535(a). Therefore, the district court does not have authority to institute a FBI investigation.

Parker has not shown that the district court erred in certifying that an appeal would not be taken in good faith. The instant appeal is without arguable

merit and is thus frivolous. Accordingly, Parker's motion to proceed IFP on appeal is denied, and the appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of Parker's complaint and this court's dismissal of his appeal count as two strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Parker accumulated another strike in Parker v. Tarver, No. 3:06-CV-00298 (M.D. La. Aug. 16, 2006). As Parker now has accumulated at least three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.