# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2010

Lyle W. Cayce
Clerk

No. 09-10672
Summary Calendar

FREDERIC EMANUEL SCOTT,

Plaintiff-Appellant

v.

FNU NEW, Federal Case Manager; FNU DUCHENE, Federal Case Manager Coordinator; R CHANDLER, FCI Warden; G MALDONADO, JR., Regional Director of the Bureau of Prisons; M MUKASEY, US Attorney General; FNU DOE, 1 through 10

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-168

Before  PRADO, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederic Emanuel Scott, federal prisoner # 08293-091, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his petition for writ of mandamus against various prison officials and the United States Attorney General.  Scott alleged that he should be transferred to a lower-security prison, that his prison security status should be reclassified,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that prison officials should correct inaccurate information in his prison file. The district court dismissed Scott's petition because he had failed to satisfy the requirements for mandamus relief.

On appeal, Scott argues that the district court erred in ordering him to pay two filing fees and reiterates his underlying claims that he is entitled to mandamus relief.

Scott's first argument is without arguable merit because the district court did not order Scott to pay two filing fees. Additionally, regardless of IFP status, Scott is required to pay the full district court filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Scott's second argument is likewise without arguable merit. The writ of mandamus is an extraordinary remedy available only where the petitioner establishes "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). It is not available to review the discretionary acts of officials. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). A district court's denial of mandamus relief is reviewed under an abuse of discretion standard. *Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002).

Scott is not entitled to the extraordinary remedy of a writ of mandamus because he has not shown that he has a clear right to be transferred to a different facility and that prison officials have a clear duty to transfer him. *In re Stone*, 118 F.3d at 1034. Additionally, because prison classification "is a matter left to the discretion of prison officials," Scott is not entitled to mandamus relief regarding his claim that prison officials should reclassify his prison status. *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2005) (internal quotations and citation omitted); *Giddings*, 979 F.2d at 1108. Finally, Scott is not entitled to mandamus relief regarding his claim that inaccurate information in his prison

file should be corrected because he has failed to brief this issue. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Based on all of the foregoing, Scott's request to proceed IFP should be denied. His appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it should be dismissed. *See* 5TH CIR. R. 42.2.

This court's dismissal of the instant appeal and the district court's dismissal each count as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Scott is warned that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See id.*

MOTION DENIED; APPEAL DISMISSED; THREE STRIKES WARNING ISSUED.