Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided August 12, 2011

No. 09-5277

IN RE: DAVID KISSI,
PETITIONER

———

On Petition for Writ of Mandamus

———

No. 09-7067

IN RE: DAVID KISSI,
PETITIONER

———

On Petition for Writ of Mandamus

———

*David Kissi*, appearing pro se, was on the petitions for writ of mandamus, the supplements thereto, the memorandum of law and fact in support of the petitions, and the motions to proceed in forma pauperis.

Before: GINSBURG, ROGERS, and BROWN, *Circuit Judges*.

PER CURIAM:   This court recently held that the filing fee provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), applies to a prisoner who files a petition for writ of mandamus in connection with an underlying civil case. *In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011).   The question now before the court is whether the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), likewise applies to a mandamus petition in an underlying civil case.   For the following reasons, we hold that it does.

**I.**

David Kissi was incarcerated when he petitioned this court for writs of mandamus to prevent the district court from transferring two of his civil cases to the United States District Court for the District of Maryland.  *See Kissi v. Simmons*, No. 09cv1452 (D.D.C. July 31, 2009) (complaint seeking $1 billion in damages for alleged violations of 42 U.S.C. § 1983 and criminal statutes); *Kissi v. Mead*, No. 08cv2031 (D.D.C. June 10, 2009) (complaint seeking $10 million in damages for alleged "conspiracy and racketeering").  In both mandamus proceedings, Kissi moved this court for leave to proceed *in forma pauperis*. Consideration of the petitions for writ of mandamus and the motions for leave to proceed *in forma pauperis* were held in abeyance pending the court's decision in *Grant*.

In *Grant*, the court held that a prisoner must pay the appellate filing fee for a mandamus petition related to an underlying civil case pending in the district court.  Generally, to comply with the PLRA's filing fee provision, a prisoner must submit a trust account statement and consent to collection of filing fees, pay an initial partial fee assessed by the court, and continue to make installment payments from his trust account. 28 U.S.C. § 1915(b)(1)–(2).  Section 1915(g), however, renders

certain prisoners ineligible to pay the filing fee in installments, for it provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed *in forma pauperis* and must pay in full the appellate docketing and filing fees before the court will entertain any other civil action or appeal, unless the prisoner qualifies for the "imminent danger" exception, *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6–7 (D.C. Cir. 2006).

Because it appeared that Kissi had filed at least three civil actions meeting the criteria of section 1915(g) (such actions are known as "strikes"), the court, citing *Grant*, ordered him to show cause why he should not be required to pay in full the appellate fees before the court would consider his mandamus petitions.  *See* Order to Show Cause, *In re Kissi*, No. 09-5277 (D.C. Cir. Apr. 19, 2011); Order to Show Cause, *In re Kissi*, No. 09-7067 (D.C. Cir. Apr. 19, 2011).  The Orders cited: *Kissi v. Pramco II, LLC*, No. 1:08cv553 (W.D.N.Y. Nov. 10, 2008) (dismissing complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) "as frivolous and malicious, and for failure to state a claim upon which relief can be granted"); *Kissi v. Clement*, No. 4:08-1784, 2008 WL 7526326 (N.D. Ohio Oct. 3, 2008) (dismissing action pursuant to 28 U.S.C. § 1915(e) and

enjoining Kissi from filing any new lawsuits without leave of court because of his pattern of filing "patently frivolous and vexatious" complaints); *Kissi v. Ammendale Trust*, No. 2:08cv3574, 2009 WL 485179 (D.N.J. Feb. 26, 2009) (dismissing complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).  Kissi, proceeding *pro se*, has filed a response in each of the instant cases; the responses are essentially the same and, for the most part, they do not address the question whether section 1915(g) should be applied to civil mandamus petitions.

## II.

Although *Grant* did not concern the PLRA's three-strikes provision, its analysis is consistent with a broader reasoning that section 1915(g) applies to mandamus petitions filed in connection with underlying civil cases.  The court reasoned in *Grant* that the mandamus petition — which, as in this case, began as a notice of appeal of a transfer order that this court treated as a mandamus petition — was "'realistically a form of interlocutory appeal.'"  635 F.3d at 1230 (quoting *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996)).  Alternatively, the court continued, if the mandamus petition were to be treated as initiating a separate proceeding, the proceeding would be deemed a "civil action."  *Id*. (citing *In re Grand Jury Subpoena Duces Tecum*, 775 F.2d 499, 503 (2d Cir. 1985)).  Regardless of whether the mandamus petition was viewed as an appeal or a civil action, the court concluded that PLRA's filing fee provision would apply.  *Id.* at 1230–31.  Similarly, because Kissi's mandamus petitions are either the functional equivalent of appeals of the transfer orders or new civil actions, they fall within section 1915(g)'s restrictions on a "civil action or appeal" brought by a prisoner who has "three strikes."

The circuits to address this issue have accepted as self-evident that if the PLRA's filing-fee provision applies to mandamus petitions that are essentially interlocutory appeals in civil actions, then the three-strikes provision does as well. *See In re Crittenden*, 143 F.3d 919 (5th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996); *cf.* 4TH CIR. R. 21(c)(2) (applying "three strikes" rule for prisoners seeking writs of mandamus, prohibition, or other extraordinary relief). Neither petitioner nor the court has identified any contrary authority.

Applying the three-strikes provision to a mandamus petition in an underlying civil case is as faithful to the PLRA's purpose as applying the filing-fee provision. As the court explained in *Grant*, the PLRA was designed to deter prisoners from filing frivolous lawsuits, which waste judicial resources and compromise "'the quality of justice enjoyed by the law-abiding population.'" 635 F.3d at 1230–31 (quoting 114 CONG. REC. 14,571 (1995) (statement of Sen. Dole)). Frivolous mandamus petitions have the same effects on the courts as frivolous appeals and therefore should subject prisoners filing such petitions to the same economic costs. Kissi has not distinguished *Grant* in any meaningful way and his assertions that he was the victim of "U.S. judicial officers' theft" and bias are irrelevant to the question whether a three-striker filing a mandamus petition should be treated any differently from a three-striker filing a civil appeal.

Accordingly, we hold that Kissi's mandamus petitions are subject to the PLRA's "three strikes" provision, 18 U.S.C § 1915(g), and, consequently, he is barred from proceeding *in forma pauperis.* The underlying actions, which the district court ordered transferred to Maryland, are civil in nature. Because Kissi was incarcerated when he filed the instant mandamus petitions, the PLRA applies. *See In re Smith*, 114 F.3d 1247,

1251 (D.C. Cir. 1997). Also while incarcerated, Kissi received at least "three strikes" prior to filing the mandamus petitions. Kissi has not alleged that he is in imminent danger of serious physical injury, so that exception under section 1915(g) is inapplicable. Although Kissi appears to assert that his cases involving the mortgage lender Pramco II, LLC, should not be counted as "strikes" because he has newly discovered evidence indicating that the judgments in those cases are "now reversible," he has not shown that the judgments in those cases have been reversed. We therefore deny the motions for leave to proceed *in forma pauperis* and order Kissi to pay the full fee in each case before the court will consider his petitions.