Lacy L. WILLIAMS, Appellant

v.

Barack Hussein OBAMA, President, Administration, individual and official Capacity, et al., Appellees.

No. 12–5205.

United States Court of Appeals, District of Columbia Circuit.

April 2, 2015.

Before: HENDERSON and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. Cir. R. 36(d). For the reasons stated below, it is

ORDERED and ADJUDGED that the judgment of the district court be reversed.

Lacy L. Williams was convicted in 2009 of various drug offenses and of obtaining habitual felon status under North Carolina law. See State v. Williams, 207 N.C.App. 266, 699 S.E.2d 479, 2010 WL 3633468, at *2 (2010) (unpublished). He filed the complaint in this suit in March 2010. By then, he had filed at least three lawsuits while incarcerated that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. See Order, In re: Lacy L. Williams, No. 09–5421, ECF No. 1318065 (D.C. Cir. July 12, 2011).

The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing a civil action or appealing a civil judgment while proceeding in forma pauperis if he or she has accrued three strikes. See 28 U.S.C. § 1915(g). A prisoner is given a strike when he or she brings an action or appeal in federal court that is dismissed as frivolous, malicious, or failing to state a claim. Id. If the prisoner has accrued three strikes, he or she must pay the court's filing fee in full before the suit may proceed. There is an exception if "the prisoner is under imminent danger of serious physical injury." Id.

On March 10, 2010, Williams filed a civil complaint against appellees under 42 U.S.C. § 1983, the Freedom of Information Act, 5 U.S.C. §§ 552 et seq., and the Privacy Act of 1974, 5 U.S.C. §§ 552a et seq., alleging various constitutional violations. On the same day, he applied to proceed in forma pauperis. In the complaint, Williams alleged that he suffers from several chronic ailments: Type 1 insulin-dependent diabetes, osteoporosis, and degenerative bone disease in his neck, hips, and back, testicular microlithiasis, lactose intolerance, high blood pressure, chronic abdominal pain, and other conditions. He alleged that his conditions are either improperly treated or ignored and that he has been denied specialists' care. On March 17, 2010, the district court, without further explanation, stamped Williams' complaint "Leave to file without prepayment of costs DENIED," citing 28 U.S.C. § 1915(g). Williams appealed the district court's order; we construed his notice of appeal as a petition for a writ of mandamus and directed him to pay the applicable appellate docketing fee or file a motion to

proceed on appeal *in forma pauperis*. *See* Order, *In re: Lacy L. Williams*, No. 10–5122, ECF No. 1241212 (D.C. Cir. Apr. 22, 2010). Williams filed such a motion.

On April 21, 2011, we cited § 1915(g) and ordered Williams to show cause "why he should not be required to pay the full appellate filing and docketing fee before the court will consider his mandamus petition and his motion for a deposition," since it appeared Williams had accrued at least three strikes for frivolous lawsuits filed while he was incarcerated. *See* Order, *In re: Lacy L. Williams*, No. 10–5122, ECF No. 1304501 (D.C. Cir. Apr. 21, 2011). In response, Williams argued that we should grant him leave pursuant to § 1915(g)'s imminent danger exception because of the alleged ailments and inadequate medical care that he described in his complaint.

At that time, we had not yet established that the PLRA's three-strikes provision applies to a petition for a writ of mandamus filed in connection with a prisoner's underlying civil proceeding. *See In re Kissi*, 652 F.3d 39 (D.C.Cir.2011) (per curiam). On August 3, 2011, we granted Williams' motion for leave to proceed on the mandamus petition *in forma pauperis*. *See* Order, *In re: Lacy L. Williams*, No. 10–5122, ECF 1322309 (D.C. Cir. Aug. 3, 2011). After further briefing, on January 4, 2012, we granted the petition for a writ of mandamus and directed the district court to file Williams' complaint. *See* Order, *In re: Lacy L. Williams*, No. 10–5122, ECF No. 1350922 (D.C. Cir. Jan. 4, 2012). We also said that we took "no position on the merits of petitioner's complaint or whether he should be permitted to proceed without prepayment of fees." *Id.*

On May 18, 2012, the district court docketed Williams' complaint and motion for leave to proceed *in forma pauperis* in the district court. On June 11, 2012, the district court denied Williams' application to proceed *in forma pauperis* because he had three strikes. It concluded that his medical claims failed to demonstrate that he was in imminent danger of serious physical injury and, thus, did not fall within the imminent danger exception.

Williams appealed the district court's decision on June 21, 2012. After his case was docketed, he again sought leave to proceed *in forma pauperis* on his appeal on July 19, 2012. On July 23, 2012, we ordered that his motion to appeal *in forma pauperis* be referred to the district court for resolution in the first instance. Order, *Williams v. Obama*, No. 12–5205, ECF 1385078 (D.C. Cir. July 23, 2012). On February 20, 2013, the district court denied Williams' motion in a minute order. Williams renewed before us his motion for leave to proceed on appeal *in forma pauperis*. On August 27, 2013, we granted his motion for leave to proceed on appeal *in forma pauperis*. Order, *Williams v. Obama*, No. 12–5205, ECF No. 1453785 (D.C. Cir. Aug. 27, 2013). We held that our August 3, 2011 order, which granted his motion to proceed in such a manner on his mandamus petition "based on the allegations of imminent danger of serious physical injury in the same underlying complaint," was law of the case. *Id.*

On December 19, 2013, the government moved for reconsideration as well as for summary affirmance of the district court's June 11, 2012 Memorandum Order denying Williams' motion to proceed *in forma pauperis* before the district court. We denied those motions on April 3, 2014, noting "[t]he merits of the parties' positions [were] not so clear as to warrant summary action." Order, *Williams v. Obama*, No. 12–5205, ECF No. 1486909 (D.C. Cir. Apr. 3, 2014).

We now reverse the district court's June 11, 2012, denial of Williams' motion to pro-

ceed *in forma pauperis* before the district court because our earlier rulings on his motion to proceed on appeal *in forma pauperis* constitute law of the case. In our August 3, 2011 order, *Williams,* No. 10–5122, ECF No. 1322309, we granted Williams' motion to proceed *in forma pauperis.* We could only have granted that motion if we had concluded that Williams met the imminent danger exception, even though we did not explicitly discuss 28 U.S.C. § 1915(g). To dispel any doubt that we necessarily concluded Williams met the imminent danger exception, we can look to our April 21, 2011 order to show cause in which we explicitly referred to § 1915(g). *Williams,* No. 10–5122, ECF No. 1304501. Any time that the court "affirmatively decide[s an] issue, be it explicitly or by necessary implication," that holding becomes law of the case. *Crocker v. Piedmont Aviation, Inc.,* 49 F.3d 735, 739 (D.C.Cir.1995). Because the district court undertook the same inquiry and assessed the same material when it determined whether Williams qualified for the imminent danger exception to § 1915(g), it was bound by our ruling. *See LaShawn A. v. Barry,* 87 F.3d 1389, 1393 (D.C.Cir.1996) (en banc).

We reverse the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(B); D.C. Cir. R. 41(a).