[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-13542

Non-Argument Calendar

————————————

TIMOTHY DEWAYNE LITTLEJOHN,

Petitioner-Appellant,

*versus*

DIRECTOR, FEDERAL BUREAU OF INVESTIGATION,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02321-MLB

————————————

Before ROSENBAUM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Littlejohn appeals the district court's dismissal of his 28 U.S.C. § 1361 mandamus petition for failure to pay the full filing fee in accordance with the three-strikes provision of 28 U.S.C. § 1915(g).

We review *de novo* the interpretation of § 1915(g). *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). We liberally construe the filings of *pro se* litigants. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We may affirm on any ground supported by the law and the record. *United States v. Campbell*, 26 F.4th 860, 879 (11th Cir. 2022) (*en banc*).

Section 1915 governs proceedings *in forma pauperis* ("IFP"), under which prisoners may proceed without prepayment of the filing fee and instead pay the fee in installments. 28 U.S.C. § 1915(a)(2), (b). However, "to curtail abusive prisoner litigation," § 1915(g) withholds IFP status from prisoners who bring a "civil action" if they have three or more prior meritless lawsuits or appeals, unless they are in imminent danger.[1] *Dupree v. Palmer*, 284 F.3d

---

[1] Section 1915(g) states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated

21-13542          Opinion of the Court          3

1234, 1236 (11th Cir. 2002); *see* 28 U.S.C. § 1915(g); *White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree*, 284 F.3d at 1236. (quotation marks omitted).

In his petition, Littlejohn sought to compel the Federal Bureau of Investigation ("FBI") and a U.S. Attorney to take action against mail fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") crimes allegedly committed by various public officials in Cobb County in relation to state criminal proceedings against him. Littlejohn also described instances of being beaten by jail officers and forcibly medicated with Haldol, an antipsychotic medication.

Because Littlejohn was an inmate who sought leave to proceed IFP, the district court considered the three-strikes provision. *See* 28 U.S.C. § 1915(g). It found that Littlejohn was a serial litigant who, while detained, had filed forty cases in the Northern District of Georgia since March 2021, the majority of which were dismissed as frivolous. It also determined that Littlejohn had failed to raise any allegation of imminent danger. And it overruled his objection

---

or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

that the § 1361 mandamus petition was not a "civil action" subject to § 1915(g).  Finally, the court explained that Littlejohn could not use the courts to exercise control over the investigation and prosecution of others.

Based on a liberal construction of his briefing on appeal, including the motions and other documents he has submitted, Littlejohn maintains that various state actors (and now federal judges) have committed crimes against him, and he asserts that he has a clear legal right to file a complaint with the FBI.  He contends that the Supreme Court left the "mandamus door open" under § 1915(g), relying on excerpts from *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2009).  He also asserts that he is in imminent danger, claiming he has been attacked several times since filing this lawsuit. He does not dispute his status as a three-striker.

As Littlejohn notes, we have not addressed whether or in what circumstances mandamus petitions are "civil actions" subject to § 1915(g).  Other circuits have held that a mandamus petition qualifies as a civil action if it is analogous to or arises out of a civil lawsuit to which § 1915(g) applies, such as a challenge to prison conditions.  *See In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) ("[T]he nature of the underlying action . . . determine[s] the applicability of [§ 1915(g)]."); *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (whether a petition for mandamus falls within § 1915(g) "turn[s] on whether the litigation in which it is being filed is within that scope"); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (reasoning that prisoners should not be able to avoid § 1915(g)

simply by bringing 42 U.S.C. § 1983 civil rights claims under the guise of seeking mandamus).  But if the mandamus petition seeks relief in relation to a criminal proceeding, § 1915(g) may not apply. *See Martin*, 96 F.3d at 854 ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation.").

Here, Littlejohn's petition raises both allegations analogous to a civil lawsuit, concerning his conditions of confinement, and allegations about invalid state criminal proceedings.  So if we adopted the framework we just described, he arguably could proceed in part on his petition, notwithstanding § 1915(g).  We need not decide that issue, though, because even assuming that Littlejohn's mandamus petition was not subject to § 1915(g), or that he otherwise could meet the exception for "imminent danger, his petition was properly dismissed because "it is clear that no writ of mandamus could properly issue in this case." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  We affirm on that alternative ground. *See Campbell*, 26 F.4th at 879.

Littlejohn sought relief under § 1361, which grants the district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  This section codifies the common-law writ of mandamus and permits relief "only if [a petitioner] has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler*, 466 U.S. at 616–17.

Here, Littlejohn cannot show that either the FBI or the U.S. Attorney owes him a clear nondiscretionary duty to investigate or prosecute Cobb County employees, or any other person.[2]  As the Supreme Court has explained, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Federal courts also lack the authority to control prosecutorial discretion through mandamus.  *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).  Accordingly, Littlejohn has not offered any grounds on which to grant the extraordinary relief of mandamus.

For these reasons, we affirm the dismissal of Littlejohn's mandamus petition.[3]

**AFFIRMED.**

---

[2] To the extent Littlejohn raised claims against the state or private actors he accuses of crimes, he faces other obstacles.  First, they are not "officer[s] or employee[s] of the United States," so 28 U.S.C. § 1361 does not permit relief against them.  And second, he appears to have other avenues of relief available, such as a complaint under 42 U.S.C. § 1983 or the ordinary review procedures available to criminal defendants under state law.  That any complaint in federal court under § 1983 would be subject to 28 U.S.C. § 1915(g) does not amount to a denial of access to that remedy.  *See Medberry v. Butler*, 185 F.3d 1189, 1194 (11th Cir. 1999) (noting that "§ 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan").

[3] We **DENY** Littlejohn's motions to refer the matter to law enforcement, to hear oral argument, to order his placement in protective custody, to suspend the rules, and to appoint a special master.